**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YOUSEF BOUGUERBA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:20-CV-0957-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names as defendants the County of Sacramento and the Rio Cosumnes Correctional Center, which is a county jail.  See ECF No. 1, pg. 1.  According to Plaintiff:

> This lawsuit is in reference to COVID-19 and that the CDC recommendations are not being met.  Social distancing, mask, unclearly environment and that I am innocent until proven guilty without any medical testing being done.  This is in violation of California Constitution article 1 & 6 and being violated especially the 6th, 8th, and 14th amendments with due process of law subjecting to cruel and unusual punishment.

Id. at 3.

Municipalities and other local government units, such as the County of Sacramento and the Rio Cosumnes Correctional Center, are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

///

///

1         Here, Plaintiff has not alleged any specific custom, policy, or practice of either
2 defendant which resulted in the violations alleged in the complaint.  While Plaintiff states that
3 guidelines promulgated by the Centers for Disease Control and Prevention (CDC) "are not being
4 met," Plaintiff does not allege this is due to any custom, policy, or practice of the County of
5 Sacramento or the Rio Cosumnes Correctional Center.

6         Because it is possible that the deficiencies identified in this order may be cured by
7 amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire
8 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
9 informed that, as a general rule, an amended complaint supersedes the original complaint.  See
10 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
11 amend, all claims alleged in the original complaint which are not alleged in the amended
12 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
13 Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make
14 Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
15 complete in itself without reference to any prior pleading.  See id.

16         If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the
17 conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See
18 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
19 each named defendant is involved, and must set forth some affirmative link or connection
20 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
21 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22         Finally, Plaintiff is warned that failure to file an amended complaint within the
23 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
24 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
25 with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
26 See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
27 / / /
28 / / /

1         Accordingly, IT IS HEREBY ORDERED that:

2         1.      Plaintiff's complaint is dismissed with leave to amend; and

3         2.      Plaintiff shall file a first amended complaint within 30 days of the date of
service of this order.


Dated: March 23, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE